UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HAYDEN FLEMING,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALBERT ROMANO, shield # 22490, POLICE OFFICER
DUDLEY EWALD, shield # 17310, POLICE OFFICER
DAVID BOWMAN, tax # 944015

                              Defendants.

------------------------------------------------------------------------ x

**COMPLAINT**

CV 10 5875 (ARR) (VVP)

Jury Trial Demanded

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this civil rights action against the City of New York and three members of the New York City Police Department ("NYPD") who were employed in the 70th Precinct on January 20, 2010. Plaintiff alleges that, on January 20, 2010, in the East Flatbush section of Brooklyn, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him for possession of a controlled substance, illegally strip searching him, making false allegations about him to prosecutors and maliciously prosecuting him. On October 26, 2010, the false criminal charge was dismissed by the prosecution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claim of malicious prosecution which forms part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. With respect to plaintiff's state law claim, a notice of claim was duly filed with the City of New York within 30 days of the dismissal of the criminal charges, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claim.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a resident of the State of New York who lives in Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Albert Romano, Police Officer Dudley Ewald and Police Officer David Bowman are members of the NYPD who were employed in the 70th Precinct on January 20, 2010. Defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants are liable for directly participating in

the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. During the evening of January 20, 2010, plaintiff was in the vicinity of the corner of Newkirk Avenue and Flatbush Avenue in the East Flatbush section of Brooklyn. At all relevant times, plaintiff did not commit a crime, he was not wanted for a crime and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

10. Suddenly, two male white officers in uniform, possibly Officers Romano and Ewald, pulled up in a police car and exited the vehicle.

11. The officers, acting in concert, arrested plaintiff and searched him.

12. The officer did not find anything illegal on plaintiff's person.

13. A police van arrived on the scene containing two police officers and one of the officers put plaintiff in the van.

14. Plaintiff was taken to the 70th Precinct where Police Officer Bowman was assigned to be plaintiff's "arresting officer".

15. Shortly after plaintiff arrived at the precinct, a male white officer in uniform strip searched plaintiff in a bathroom.

16. The officer ordered plaintiff to pull down his pants and underwear to his ankles, squat, lift his genitals and cough.

17. The officer who conducted the strip search found nothing illegal on plaintiff.

18. The strip search of plaintiff was illegal because he had not committed a crime and because no officer had reasonable suspicion to believe that he was hiding illegal items under his clothes.

19. The other defendants, particularly Officer Bowman, who did not conduct the strip search knew that plaintiff was going to be illegally strip searched, but they failed to intervene to protect him.

20. While plaintiff was confined in a cell after the strip search, Officers Bowman and Romano misrepresented in police reports that plaintiff was observed in possession of a controlled substance.

21. Defendant Ewald knew that Officers Bowman and Romano were creating police reports containing this false allegation, but he failed to intervene to protect plaintiff.

22. On January 21, 2010, officers took plaintiff to Brooklyn Central Booking.

23. Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, extremely cold, filthy and infested with roaches. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

24. While plaintiff was in Brooklyn Central Booking, either Officer Romano or Officer Bowman misrepresented to the Kings County District Attorney's Office that plaintiff was observed in possession of a controlled substance.

25. Those defendants that did not speak with the District Attorney's Office knew that their fellow officer was commencing a false prosecution against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the District Attorney's Office.

26. Defendants' purposes in commencing a bogus prosecution against plaintiff was to have plaintiff convicted of and punished for a crime he did not commit, to obtain overtime compensation and to improve their arrest records.

27. During the evening of January 21, 2010, plaintiff was arraigned in Criminal Court, Kings County.

28. The presiding judge released plaintiff on his own recognizance.

29. Plaintiff appeared in court on numerous occasions subsequent to his arraignment.

30. Plaintiff was appointed a public defender and, during many court appearances, plaintiff waited several hours for his case to be called.

31. The District Attorney's Office offered plaintiff an adjournment in contemplation of dismissal, or "ACD," to dispose of the case.

32. Plaintiff refused to take the ACD because he was innocent.

33. On October 26, 2010, when the case was scheduled to go to trial, the prosecution dismissed the criminal charge.

34. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty during his incarceration and while the criminal charge was pending and suffered emotional distress, mental anguish, fear, anxiety and embarrassment.

## FIRST CLAIM
### (FALSE ARREST)

35. Plaintiff repeats the foregoing allegations.

36. At all relevant times, including January 20, 2010, plaintiff did not commit a crime, he was not wanted for a crime and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

37. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

38. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (ILLEGAL STRIP SEARCH)

39. Plaintiff repeats the foregoing allegations.

40. The strip search of plaintiff was illegal because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

41. Those defendants who did not conduct the strip search knew that plaintiff was going to be illegally strip searched but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor.

42. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## THIRD CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

43. Plaintiff repeats the foregoing allegations.

44. Defendants misrepresented to prosecutors that plaintiff had committed the crime of possession of a controlled substance.

45. Defendants' false allegations resulted in plaintiff being deprived of liberty because he was held in jail until his arraignment and was required to appear in court on several occasions subsequent to his arraignment.

46. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and for denying plaintiff a fair trial.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

47. Plaintiff repeats the foregoing allegations.

48. Defendants commenced a bogus prosecution against plaintiff by misrepresenting to prosecutors that plaintiff had committed the crime of possession of a controlled substance and by signing and swearing to the truth of a criminal court complaint containing his false allegation.

49. Defendants' motivation was to have plaintiff convicted of and punished for a crime he did not commit, to obtain overtime compensation and to improve their arrest records.

50. The prosecution deprived plaintiff of liberty because plaintiff was required to appear in court on several occasions after his arraignment.

51. The prosecution ultimately terminated in plaintiff's favor when the charges were dismissed.

52. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

53. Plaintiff repeats the foregoing allegations.

54. Defendants commenced a bogus prosecution against plaintiff by misrepresenting to prosecutors that plaintiff had committed the crime of possession of a controlled substance and by signing and swearing to the truth of a criminal court complaint containing his false allegation.

55. Defendants' motivation was to have plaintiff convicted of and punished for a crime he did not commit, to obtain overtime compensation and to improve their arrest record.

56. The prosecution deprived plaintiff of liberty because plaintiff was required to appear in court on several occasions after his arraignment.

57. The prosecution ultimately terminated in plaintiff's favor when the charges were dismissed.

58. Accordingly, defendants are liable to plaintiff under New York State law for malicious prosecution.

## SIXTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

59. Plaintiff repeats the foregoing allegations.

60. Defendants were acting within the scope of their employment as New York City Police Officers when they maliciously prosecuted plaintiff.

61. Accordingly, the City of New York is vicariously liable to plaintiff under New York State law for malicious prosecution.

## SEVENTH CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

62. Plaintiff repeats the foregoing allegations.

63. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

64. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

65. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained. In fact, several NYPD officers have been arrested and convicted of crimes for making false allegations about arrestees and for corruption.

66. Defendant Romano was sued for civil rights violations in *Jacques Edouard v. City of New York, et al.*, 09 CV 4271 (E.D.N.Y.), which the City settled, and in *Wayne Woods v. City of New York, et al.*, 10 CV 5043 (E.D.N.Y.), which the City settled.

67. Defendant Bowman was sued for civil rights violations in *Jacques Edouard v. City of New York, et al.*, 09 CV. 4271 (E.D.N.Y.), which the City settled, and in *Wayne Woods v. City of New York, et al.*, 10 CV 5043 (E.D.N.Y.), which the City settled. Bowman is presently being sued in *Omar Gourzong v. City of New York, et al.,* 11 CV 1877 (E.D.N.Y.).

68. Defendant Ewald is presently being sued for civil rights violations in *Leroy Whitley v. City of New York, et al.*, 08 CV 4202 (E.D.N.Y.) and was sued in *Brett Wilkinson v. City of New York, et al.*, 10 CV 5242 (E.D.N.Y.), which the City settled.

69. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and other officers and improperly retained and utilized them.

70. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:    May 24, 2011
               Brooklyn, New York

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391